UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEAK PERFORMANCE NUTRITION, a Nevada Domestic Corporation, and WILLIAM E. WHEELER, Ph.D., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MEDIA POWER, INC., a Maine corporation, KENNETH W. BYERS, an individual, and KEN WRIGHT, an individual<br><br>Defendants. | Case No. 2:09-cv-04933-FMC-SHx<br><br>ORDER RE: MOTIONS TO DISMISS AND REQUEST FOR JURISDICTIONAL DISCOVERY |

This matter is before the Court on two motions to dismiss for lack of personal jurisdiction (docket nos. 7 and 16), filed by Media Power, Inc. on August 31, 2009, and by Byers on October 9, 2009, respectively. The Court has considered the documents submitted in connection with the motions, including the request that the Court allow jurisdictional discovery contained in Plaintiffs' opposition to Byers' motion. For the reasons and in the manner set forth below, the Court hereby DEFERS ruling on Defendants' Motions and GRANTS Plaintiffs' request to conduct jurisdictional discovery. Accordingly, the hearing set for November 23, 2009, is removed from the Court's calendar.

## I.  FACTUAL BACKGROUND

This case arises out of a dispute about a nutritionist's intellectual property. The plaintiffs are Dr. William E. Wheeler ("Wheeler") a nutritionist, and Peak Performance Nutrition ("Peak"), a Nevada corporation owned by Wheeler and his wife.  There are three defendants: Media Power Inc. ("Media Power"), a Maine corporation; Media Power's current president Kenneth W. Byers ("Byers"), who resides in Florida, and Ken Wright ("Wright") who resides in California and owns Incubation LLC ("Incubation"), a California corporation not party to this litigation.

While living in California and working with Global Health Services, Inc. ("Global Health") Wheeler developed a protein mix formula called "Gold Standard Protein" ("GSP").   Global Health went out of business in 2000.  Two years later, Wright, who had acquired the GSP formulas from a former Global Health salesman, contacted Wheeler.  Wheeler and Wright orally agreed that Wright would use Wheeler's name and likeness to promote GSP.  (Comp. 4:20-24).  With Wheeler's help and input, Wright began selling GSP products; he paid royalties to Wheeler from 2003 to 2008.  (Comp. 5:7-8, Plaintiffs' Opp. 3:20-21).

Wright's company, Incubation, then licensed some of the GSP intellectual property rights to Media Power. (Media Power's Memo., 2:2-3).  This licensing agreement contract was to be governed by California law.  Plaintiffs allege that the defendants then mis-used Wheeler's intellectual property.  For example, defendants allegedly used Wheeler's name and likeness to promote non-GSP products, infringed on his trademark, and did not pay all due royalties.  (Comp. 6-7).

Media Power and Byers have moved for dismissal, arguing that this Court lacks personal jurisdiction.  Media Power does not have any offices or employees in California: its call center is in Maine, and it ships its products nationwide from Florida.  Byers, Media Power's president since 2007, resides in Florida.  (Media

1  Power's Memo., 5:1-14).  Byers and/or Media Power own a number of websites
2  that promote and sell GSP products (Yeager-Wheeler Decl. 1-2), but contend that
3  they do not target California consumers with advertising.  (*Id*. at 5:5).  Byers has
4  visited California four times in the last five years to attend various trade expos.
5  However, he avers that he came to California in his capacity as president of
6  MpDirect, Inc ("MpDirect"), not as president of Media Power, and that he did not
7  attempt to sell any merchandise during these trips.  (Media Power's Memo., 5:20-
8  23).

9       Media Power owns MpDirect, a corporation not party to this litigation.
10  (Plaintiffs' Opp., 4:23-24).  MpDirect markets Media Power's products.  The two
11  companies have the same president, defendant Byers.  (Plaintiffs' Opp., 4:14-26).
12  The companies also received the allegedly-infringing products from third-party
13  manufacturers in California, shipped to a joint address.  (Plaintiffs' Opp. 3:24-26,
14  4:1-6).   In 2008, MpDirect mailed flyers to California consumers that used
15  Wheeler's name to promote a GSP protein mix.  (Gardner Dec. 2:3-7).

## II.  PERSONAL JURISDICTION AND DISCOVERY.

17       "Where a defendant moves to dismiss a complaint for lack of personal
18  jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is
19  appropriate."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th
20  Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

21       Personal jurisdiction may be general or specific.  General jurisdiction
22  requires contacts with the forum state that are so substantial and continuous that
23  they approximate physical presence in the state.  *Gates Learjet Corp. v. Jensen*,
24  743 F.2d 1325, 1331 (9th Cir. 1984).  The Ninth Circuit has established a three-
25  prong test for exercising specific personal jurisdiction: 1) purposeful availment or
26  direction; 2) relatedness of claims, and; 3) reasonableness.  *Schwarznegger*, 374
27  F.3d at 802.

28       Ninth Circuit courts apply one of two analyses to evaluate the first prong of

the test. Where the suit sounds in contract, the courts focus on whether the defendant purposefully availed himself of the benefits or protections of the forum and its laws. *Id.* Conversely, if the suit sounds in intentional tort, courts focus on the defendant's out-of-forum actions to determine whether the defendant purposefully directed his activities at the forum. *Id.* Purposeful direction is analyzed via the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984).[1] To satisfy the test, the plaintiffs must make a prima facie showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

Courts have wide discretion in deciding whether to allow parties to conduct jurisdictional discovery. *Data Disk, Inc. v. Systems Tech. Assocs., Inc.* 557 F.2d 1280, 1285 (9th Cir. 1977). "Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.,* at n. 1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Whether a defendant has sufficient contacts with the state to justify the exercise of personal jurisdiction is a fact-based inquiry. Plaintiffs are entitled to "an opportunity to develop the record and make a prima facie showing of jurisdictional facts." *Id.*

---

[1] "[I]t is well established that the *Calder* test applies only to intentional torts, not to [] breach of contract and negligence claims[.]" *Holland Am. Line, Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 460 (9th Cir. 2007) (citing *Calder* at 789 (1984)). *But see, Mavrix Photo, Inc. v. Brand Techs., Inc*., 2009 U.S. Dist. LEXIS 93215 (C.D. Cal. July 17, 2009) (applying the purposeful availment test in a tort suit because personal jurisdiction analysis hinged in part on an on analysis of defendants' operation of websites) ; *see also*, *Columbia Pictures v. Krypton Broadcasting of Birmingham*, 106 F.3d 284 (9th Cir. 1997) (holding that the purposeful availment prong is satisfied where plaintiff alleged that defendant willfully infringed plaintiff's copyrights) (overruled on other grounds by *Feltner v. Columbia Pictures*, 523 U.S. 340 (1998)).

4

### III. DISCUSSION AND CONCLUSION

Here, some facts are controverted or unclear, and a more thorough presentation of facts is necessary to permit the Court to determine whether it may exercise personal jurisdiction over defendants Media Power and Byers.

Accordingly, the parties are granted leave to conduct jurisdictional discovery until January 4, 2010.  Plaintiffs' supplemental briefs in opposition to the Defendants' two pending Motions to Dismiss (docket nos. 7 and 16) are to be filed and served no later than January 18, 2010.  Any replies from Defendants are to be filed and served no later than January, 25, 2010.  Thereafter, the Court will take the matter under submission, subject to being reset for hearing should the Court deem oral argument necessary.

**IT IS SO ORDERED.**

Dated: November 4, 2009.

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT