J. JAMES LI (SBN: 202855)
DAVID J. PEREZ (SBN: 238136)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
E-mail: lij@gtlaw.com

Attorneys for Plaintiffs
PEAK PERFORMANCE NUTRITION, LTD.,
WILLIAM E. WHEELER, Ph.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEAK PERFORMANCE NUTRITION, a Nevada Domestic Corporation, and WILLIAM E. WHEELER, Ph.D., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA POWER, INC., a Maine corporation, KENNETH W. BYERS, an individual, and KEN WRIGHT, an individual,<br><br>Defendants. | Case No. CV-09-4933 AG (Shx)<br><br>**~~[PROPOSED]~~ PROTECTIVE ORDER UPON STIPULATION OF THE PARTIES** |

1 Case No. CV-09-4933 AG (Shx)
[PROPOSED] PROTECTIVE ORDER UPON STIPULATION OF THE PARTIES
346,484,072v1

IT IS HEREBY STIPULATED between Plaintiffs PEAK PERFORMANCE NUTRITION and WILLIAM E. WHEELER, Ph.D. on the one hand and Defendants MEDIA POWER, INC., KENNETH W. BYERS, and KEN WRIGHT, that the following procedures shall be adopted for the protection of documents and information that any party or third party deems to be proprietary and confidential and that may be produced during discovery in this case. The fact that the parties hereto have stipulated to this Protective Order should not be construed to be a waiver of any privilege or objection to any particular discovery request. Any production of any documents between the parties hereto shall not be considered to be a breach of any confidentiality or contractual provision between the parties.:

1. The following definition shall apply to this Protective Order:

a. "Action" shall mean the above-entitled case, bearing Case No. CV-09-4933 AG (Shx);

b. The "Parties" shall mean any of the parties to this Action, including any of their predecessors, successors-in-interest, officers, directors, principals, partners, employees, agents, representatives, and consultants of such parties;

c. The "Order" shall refer to this Stipulated Protective Ordered entered between the Parties;

d. "Discovery Materials" shall mean any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers responses to requests for admissions and/or production, subpoenas, or other information provided in discovery in this Action;

e. "Designating Party" shall mean the party making the designation of documents or information pursuant to this Order;

f. "Receiving Party" shall mean the party receiving the documents or information designated by the Designating Party pursuant to this Order;

g. "Confidential Information" shall be used to collectively refer to information designated as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS'

EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY, when discussing Discovery Materials more generally;

  h. The "Acknowledgement" shall mean the Agreement To Be Bound And Comply With Protective Order, attached hereto as Exhibit "A".

2. The following classifications shall apply to this Order:

  a. The CONFIDENTIAL designation shall be reserved for any Discovery Material, which the Designating Party reasonably believes to constitute or include proprietary business or financial information, or personal information or information furnished to it in confidence by any third-party, which information is not known or freely accessible to the general public;

  b. The CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY designations shall be reserved for any Discovery Material that the Designating Party reasonably and in good faith believes the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial or business information (including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements and other financial or budgetary documents).

  c. All such CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protection of this Protective Order. However, the prior disclosure of material later designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS'

EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall not constitute a violation of this Order. In the event material is disclosed by the Receiving Party to a third-party prior to its designation as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY, the Receiving Party shall make a reasonable effort to notify the third-party of the designation, and secure the return of such material from the third-party. If the third-party refuses to return such material, the disclosing party bears the burden of seeking appropriate relief from the Court. Designations of CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

        d.    When a party wishes to designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY materials produced by another party, such designation shall be made within thirty calendar days (30) of production of the materials, by notice to all parties and to any third-party producing the material. The notice shall identify the materials to be designated with particularity (by Bates number or by providing other adequate identifying information). Until the thirty (30) day period expires, or until a party makes its designations, all third-party Discovery Material shall be afforded the highest level of protection and treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY.

        3.    The designation of Discovery Material in the form of documents, responses to requests for admission and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pre-trial testimony as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall be made by the Designating Party in the following manner:

a.  Documents designated CONFIDENTIAL shall be so marked by conspicuously affixing the legend CONFIDENTIAL on each page containing any information (or in the case of computer medium on its label and/or cover, and on the medium, if feasible) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the CONFIDENTIAL legend shall be placed near the Bates number;

b.  Documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall be so marked by conspicuously affixing the legend CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY on each page containing any attorneys' eyes only information (or in the case of computer medium on its label and/or cover, and on the medium, if feasible) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY legend shall be placed near the Bates number;

c.  Any designation of portions of a deposition or deposition exhibits shall be made, by written notice to the court reporter and all counsel of record within twenty (20) days after the reporter sends the transcript or written notice that the transcript is available for review. The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY as designated. Until the twenty (20) day period expires, or until a party makes its designations, all deposition transcripts shall be afforded the highest level of protection and treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY.

d.  If a document has more than one designation, the more restrictive or higher confidential designation applies.

///

4. Information and materials designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY that a party receives subject to the terms of this Order shall be used only for the purposes of prosecuting or defending this case.

5. CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall not include any Discovery Material which:

    a. Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

    b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

6. Information and materials designated CONFIDENTIAL may only be disclosed or made available by counsel of record for the Receiving Party to, and only to, the following "Qualified Persons" as defined herein. For purposes of this Order, "Qualified Persons" means, to the extent required by proceedings in this litigation:

    a. The Parties;

    b. Counsel to the Parties in the instant matter (both in-house counsel and outside counsel) including clerical, secretarial, and paralegal staff employed by such counsel;

    c. The Court (and any appellate court), including court personnel, clerks, trial reporters, jurors, alternate jurors, paraprofessional and secretarial

employees of such Court, and any mediator or settlement officer in the above-captioned case;

d. Court reporters and videographers recording depositions or hearings who have signed the Acknowledgement;

e. Independent consultants or experts (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition or mediation and who are not employees, officers, directors or partners of any party provided that said consultant or expert shall, in advance of receiving any such CONFIDENTIAL information, agree to the provisions of this Protective Order and execute the Acknowledgement;

f. Third-party witnesses and their counsel during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown CONFIDENTIAL information before the designated information is shown to the witness to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness the Confidential Information is made, the Parties will undertake good faith efforts to resolve the objection during the course of the deposition prior to bringing the matter before the Court. Designated information shall not be shown to the witness until the Court rules on the objection;

g. Any person who authored or previously received the Confidential Information, or who has knowledge of the specific facts identified in such materials;

h. Commercial photocopying services ordinarily used by counsel for the purpose of photocopying; and

i. Such other persons as hereafter may be authorized by the Court or by the parties upon stipulation.

///

Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked.

7. Information and materials designated CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY may only be disclosed or made available by counsel of record for the Receiving Party to, and only to, the following "Restricted Qualified Persons" as defined herein. For purposes of this Order, "Restricted Qualified Persons" means, to the extent required by proceedings in this litigation:

a. Outside counsel to the Parties in the instant matter, including clerical, secretarial, and paralegal staff employed by such counsel;

b. The Court (and any appellate court), including court personnel, clerks, trial reporters, jurors, alternate jurors, paraprofessional and secretarial employees of such Court, and any mediator or settlement officer in the above-captioned case;

c. Court reporters and videographers recording depositions or hearings who have signed the Acknowledgement;

d. Independent consultants or experts (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition or mediation and who are not employees, officers, directors or partners of any party provided that said consultant or expert shall, in advance of receiving any such CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY information, agree to the provisions of this Protective Order and execute the Acknowledgement;

e. Any person who authored or previously received the Confidential Information;

/ / /

  f. Third-party witnesses during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY information before the designated information is shown to the witness to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness the Confidential Information is made, the Parties will undertake good faith efforts to resolve the objection during the course of the deposition prior to bringing the matter before the Court. Designated information shall not be shown to the witness until the Court rules on the objection;

g. Commercial photocopying services ordinarily used by counsel for the purpose of photocopying; and

h. Such other persons as hereafter may be authorized by the Court or by the parties upon stipulation.

Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked.

8. No person or entity to whom information or materials designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY is disclosed shall discuss the information or disclose it to any person or entity other than those to whom it may be disclosed to pursuant to the paragraphs listed above, or for any purpose other than prosecution or defense of claims between the Parties.

9. Nothing herein affects the Designating Party's use of information it has designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY. However, except in the case of inadvertent disclosures, the Designating Party's use, during this litigation, of such information in a non-confidential manner shall create a presumption that the information is not in fact entitled to confidential treatment under this Order.

/ / /

10. All information and materials supplied by any party or witness which is not designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY pursuant to the terms of this Order may be used by any party without restriction.

11. Any party seeking to file information or materials designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY with the Court shall file such material pursuant to Local Rule 79.5. ~~in a sealed envelope or other container bearing the words CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY to be kept in a sage and secure place and not in files open to public inspection. The envelope or other container shall bear the title of the Action and a statement substantially in the following form:~~

~~"This envelope contains documents and/or information which are subject to a Stipulated Protective Order. This envelope is not to be opened except by the Court."~~

12. No party shall be bound by this Order as to any information or materials:

a. Which it lawfully possessed in a writing prior to production of it in this Action; or

b. Which is generally known to the public or generally available to the public.

13. If the receiving party believes that it is not bound by this Order respecting information designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY, it shall give notice to the Designating Party at least 30 days before the receiving party uses or discloses such information in a manner that would be prohibited by this Order, to enable the Designating Party to contest the receiving party's unrestricted use through a motion or application to the Court. An application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been

unsuccessful. In the event a party challenges the designations made pursuant to this Stipulated Protective Order by another party, the Designating Party shall bear the burden of proving to the Court that the designation was appropriate.

14. This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

15. Within 60 days after final termination of this case either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by any party, all materials and copies containing information designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party producing such information, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information. In the alternative, within 60 days after final termination of the case, such materials and copies may be shredded or disposed of in a manner to assure the destruction thereof and a declaration certifying such destruction or disposal shall be provided to the party producing such information. Notwithstanding the above, one copy of the files in this case may be retained by counsel for each party, subject to the terms of this Order.

16. In any action or proceeding arising from this Stipulated Protective Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available.

///

///

///

///

///

///

///

Dated: February 8, 2010

GREENBERG TRAURIG, LLP

By: ______________________
J. James Li
David J. Perez

Attorneys for Plaintiffs
PEAK NUTRITION, LTD.,
and WILLIAM E. WHEELER, Ph.D.

Dated: February 8, 2010

RINCON VENTURE LAW GROUP

By: ______________________
K. Andrew Kent

Attorneys for Defendant
KEN WRIGHT

Dated: February 8, 2010

LAW OFFICES OF CARLOS F. NEGRETE

By: ______________________
Carlos F. Negrete

Attorneys for Defendants
MEDIA POWER, INC.,
and KENNETH W. BYERS