1  Carlos F. Negrete, Esq. SBN # 134658
   **LAW OFFICES OF CARLOS F. NEGRETE**
2  27422 Calle Arroyo
   San Juan Capistrano, CA 92675-2747
3  Telephone (949) 493-8115
   Telefax      (949) 493-8170
4  cnegrete@negretelaw.com

5  Attorney for Defendant/Counter-Claimant/Third-Party Plaintiff
   MEDIAPOWER, INC.
6

7
                    **UNITED STATES DISTRICT COURT**
8
          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**
9

10  PEAK PERFORMANCE                    )    Case No.: CV09-4933 AG (Shx)
    NUTRITION, a Nevada Domestic        )    Case Assigned To:
11  Corporation, and WILLIAM E.         )    Hon. Judge Andrew Guilford
    WHEELER, Ph.D., an individual,      )    Courtroom: 10D
12                                      )
                   Plaintiffs,          )    **MEDIAPOWER, INC.'S OPPOSITION**
13                                      )    **TO ISAGENIX'S MOTION FOR**
    v.                                  )    **ODER TO DISMISS COMPLAINT**
14                                      )    **FOR LACK OF PERSONAL**
    MEDIAPOWER, INC., a Maine           )    **JURISDICTION, OR TO TRANSFER**
15  Corporation KENNETH W. BYERS,       )    **ACTION TO DISTRICT OF ARIZONA**
    an individual, and KEN WRIGHT, an   )    **PURSUANT TO 28 U.S.C. 1406(a) OR**
16  individual,                         )    **1404(a), OR TO DISMISS FOR**
                   Defendants.          )    **FAILURE TO STATE A CLAIM**
17  _____     )
    MEDIAPOWER, INC., a Maine           )
    Corporation,                        )
18                                      )
                                        )
19         Counter-Claimant,            )
                                        )
    v.                                  )
20                                      )
    PEAK PERFORMANCE                    )    Hearing:    August 30, 2010
21  NUTRITION, LTD., a Nevada           )    Time:       10:00 a.m.
    Domestic Corporation,  WILLIAM E.   )    Dept.:      10D
22  WHEELER, Ph.D., and ROES 1          )
    through 25, inclusive.              )
23                                      )
           Counter-Defendants.          )
24  _____     )
    MEDIAPOWER, INC., a Maine           )
25  Corporation,                        )
                                        )
26         Third Party Plaintiff,       )
                                        )
    v.                                  )
27                                      )
    ISAGENIX INTERNATIONAL,             )
28  LLC, INCUBATION LLC and ZOES        )
    1 through 25 inclusive.             )
                   Third-Party Defendants.  )
    _____     )

---

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 2

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.  This Court Has Personal Jurisdiction over Isagenix . . . . . . . . . . . . . . . . . . . . . .3

    1.  ISAGENIX Purposefully Directs its Activities Toward California . . . . . . . 3

    2.  MPI's Claims Against ISAGENX For Intentional Interference with
Contractual Relations and Declaratory Relief Relate to California . . . . . . . .6

B.  The Exercise of Jurisdiction Over Isagenix is Reasonable . . . . . . . . . . . . . . . . . .6

    1.  Extent of Isagenix' Interjection in California's Affairs . . . . . . . . . . . . . . . 7

    2.  Burden on Isagenix of Defending in California . . . . . . . . . . . . . . . . . . . . . . 7

    3.  Extent of Conflict With Sovereignty of Defendant's State . . . . . . . . . . . . . 8

    4.  California's Interest in Adjudicating the Dispute . . . . . . . . . . . . . . . . . . . . 8

    5.  Most Efficient Judicial Resolution of Controversy . . . . . . . . . . . . . . . . . . .8

    6.  Importance of the Forum to MPI's Interest in Convenient and
Effective Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    7.  Existence of an Alternative Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C.  The Central District of California Is the Proper Venue To Litigate This Claim . . . 9

D.  In The Alternative, Limited Discovery Should Be Allowed For Determining
Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

E.  STANDARD OF REVIEW FOR REVIEWING A COMPLAINT IS A
SUFFICIENT  SHORT AND PLAIN STATEMENT UNDER FRCP §8 . . . . . . . . 10

F.  EACH CAUSE OF ACTION IN COMPLAINT IS SUFFICIENTLY PLED . . . . 11

    1.  Intentional Interference with Contractual Relations is Properly Pled . . . . . 11

    2.  Declaratory Relief is Properly Pled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

G.  IN THE EVENT THE MOTION TO DISMISS IS SUSTAINED, LIBERAL
POLICY FAVORS GRANTING LEAVE TO AMEND COMPLAINT . . . . . . 12

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

*Aluminal Industries, Inc. v. Newtown Comm'l Assocs.*
(SD NY 1980) 89 FRD 326, 328 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Balistreri v. Pacifica Police Dept.*
(9th Cir. 1990) 901 F.2d 696, 699 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Burnham v. Sup.Ct.*,
(1990) 495 US 604, 630–631, 110 S.Ct. 2105, 2121  . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Conley v. Gibson*
(1957) 355 U.S. 41, 46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11

*Corcoran v. N.Y. Power Authority*
935 F. Supp. 376, 382 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 11

*Core-Vent Corp. v. Nobel Industries AB*,
11 F.3d 1482, 1487-1488 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*DeCarlo v. Fry*
(2nd Cir. 1998) 141 F.3d 56, 62.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
2006 WL 3783548, *2 (N.D. Cal 2006);. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Friedlander v. Nims*
(11th Cir. 1985) 755 F.2d 810, 813 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gates Learjet Corp.*,
743 F.2d at 1333-1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*General Star Indemn. Co. v. Vesta Fire Ins. Corp.*
(5th Cir. 1999) 173 F.3d. 946, 950 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Grace v. MacArthur*
(ED AR 1959) 170 F.Supp. 442 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*,
328 F.3d 1122, 1135 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Hospital Building Co. v. Trustees of Rex College*
(1976) 425 U.S. 738, 746.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Integral Development Corp. v. Weissenbach*
99 Cal.App.4th 576 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 6, 7

*International Shoe Co. v. Washington*,
326 U.S. 310, 316 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

*Lake v. Lake*,
817 F.2d 1416, 1421 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Laub v. U.S. Dept. of Interior*,
342 F.3d 1080, 1093 (9th Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Neitzke v.Williams*
(1989) 490 U.S. 319, 326 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait,*
757 F.2d 1058, 1065 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Panavision Intern., L.P. v. Toeppen,*
141 F.3d 1316, 1323 (9th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Roth v. Garcia Marquez,*
942 F.2d 617, 623 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Scholz Research & Develop., Inc. v. Kurzke*
(ND IL 1989) 720 F.Supp. 710, 711 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797, 802 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*(Silva v. Bieluch*
(11th Cir. 2003) 351 F.3d 1045, 1048;. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sparling v. Hoffman Constr. Co.*
(9th Cir. 1998) 864 F.2d 635, 640.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*U.S. v. Employing Plasterers Ass'n of Chicago*
(1954) 347 U.S. 186, 189 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>STATUTES</u>

Cal. Code Civ. Proc. §410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. §1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rule of Civil Procedure §8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. §8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rule of Civil Procedure §9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rule of Civil Procedure §15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**MPI'S OPPOSITION**

Defendant MEDIAPOWER, INC. hereby opposes ISAGENIX's Motion to Dismiss ("MTD") on the following grounds:

1)   California has personal jurisdiction over ISAGENIX;

2)   Extending personal jurisdiction over ISAGENIX is not unreasonable;

3)   The Central District of California is the proper venue;

4)   MPI has properly pled its claims against ISAGENIX.

**RELIEF REQUESTED**

1)   Motion to Dismiss be denied;

2)   Grant MPI leave to conduct jurisdictional discovery;

3)   Alternatively, grant leave to amend the Complaint.

Respectfully Submitted,

Dated: August 9, 2010          **LAW OFFICES OF CARLOS F. NEGRETE**

_____**/s/ Carlos F.Negrete**_____
CARLOS F. NEGRETE
Attorneys for Defendant/Counter-
Claimant/Third- Party Plaintiff
MEDIAPOWER, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On May 20, 2010, MEDIAPOWER, INC. ("MPI") filed its Answer to Complaint and Counterclaims/Cross-Complaint against Peak Performance Nutrition, LTD., William E. Wheeler, Ph.d., Incubation, LLC, and Isagenix International LLC ("ISAGENIX").  MPI brought the following claims against ISAGENIX: 1) Intentional Interference with Contractual Relations and Declaratory Relief.  On June 11, 2010, counsel for ISAGENIX, Elizabeth M. Weldon, waived service of summons on behalf of ISAGENIX.  ISAGENIX's and a response was due July 27, 2010.

On July 19, 2010, Ms. Weldon sent a letter to MPI's counsel indicating ISAGENIX would file a motion to dismiss MPI's Counterclaims against ISAGENIX on the grounds that the court lacks personal jurisdiction over ISAGENIX, venue was improper, the action should be transferred to another venue, and that the Complaint fails to state a claim against ISAGENIX.  *See* Exhibit A, attached herein to the Declaration of Carlos F. Negrete.  On July 23, 2010, counsel for MPI, Mr. Negrete, spoke with Lyndsey Tadlock regarding Ms. Weldon's letter.  Ms. Tadlock sent Mr. Negrete a letter on July 23, 2010 in follow up to their conversation.  *See* Exhibit B to the Declaration of Carlos F. Negrete.  Again, Ms. Tadlock insisted that Isagenix would file a motion to dismiss.  On July 26, 2010, Mr. Negrete wrote to Ms. Tadlock in follow up to the conversation and letter dated July 23, 2010.  *See* Exhibit C to the Declaration of Carlos F. Negrete.  Mr. Negrete pointed out that "Ms. Tadlock...ma[d]e no mention of the substance of [their] telephone conversation, wihich was presumably an attempt to conduct a *good faith* attempt at a meet & confer" as required by the *Local Rule 7-3*.  Mr. Negrete further indicated: "Isagenix has representatives, customers and sells its products in California.  In addition, Isagenix has availed itself of the California jurisdiction by its participation in a State Court action that arises from the same operative facts and parties."  Lastly, Mr. Negrete "proposed that if [Ms. Tadlock] pointed out any deficiencies that MediaPower would further discuss these grounds and,

if well taken, would amend its Complaint to cure any deficiencies."  Ms. Tadlock was unwilling to even consider this suggestion.  Decl. of C. Negrete ¶.9.  This was evidence of a lack of *good faith* by counsel for ISAGENIX to resolve the issue before filing the instant motion.  *Id.*

On July 27, 2010, in a belated attempt to respond to Mr. Negrete's *good faith* suggestion and letter of July 26, 2010, Ms. Tadlock stood firm on her issues with MPI's Complaint failed to provide any substantive basis for the jurisdictional issues or contended deficiencies of the Complaint.  *See* Exhibit D, attached to the Declaration of Carlos F. Negrete.  However, only hours later, ISAGENIX filed the instant motion to dismiss, without giving MPI the opportunity to further address any deficiencies, and without coming to agreement to stipulate to give MPI time to address and amend any deficiencies before the motion would need to be pursued.  Clearly, this is not in the spirit of *Local Rule* 7-3

ISAGENIX maintains California lacks personal jurisdiction over them because "Isagenix does not have any employees in the State of California, own real property in California, nor maintain an office in California." (Decl. Of Kevin Adams ¶.3. attached to MTD).  However, ISAGENIX clearly has substantial contacts within California to establish personal jurisdiction in this case.

## II.    ARGUMENT

California has a broad long-arm statute on personal jurisdiction.  "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or the United States."  Cal. Code Civ. Proc. §410.10; see also *Integral Development Corp. v. Weissenbach* 99 Cal.App.4th 576 (2002) (California "long arm" statute on personal jurisdiction "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations of due process".)  The due process clause of the Constitution requires that the defendant have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326

U.S. 310, 316 (1945).

An out-of-state defendant may be subject to specific jurisdiction if the following three-part test is met:

(1)    the non-resident defendant must purposefully direct his activities [at] or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004), quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

### A.    This Court Has Personal Jurisdiction over Isagenix

In this case, the Court has personal jurisdiction over ISAGENIX on the basis that: 1) ISAGENIX advertises and sells its products in California; 2) ISAGENIX authorizes independent agents to sell ISAGENIX products throughout the world, including California, while many agents also live in California; 3) ISAGENIX holds it annual trade show/celebration in California, with thousands of people attending; 4) ISAGENIX has previously submitted to the jurisdiction of California as a defendant and Cross-Complainant in the action Case No. 56-2008-00319337-CU-BC-VTA in the Superior Court of the State of California, County of Ventura, complaint filed on May 23, 2008, with ISAGENIX appearing as a Cross-Complainant and as a Cross-Defendant on December 10, 2009, filing its Cross-Complaint and also answering the Amended Cross-Complaint by Incubation LLC and Nature's Pure Body Institute, Inc.

### 1.  ISAGENIX Purposefully Directs its Activities Toward California

ISAGENIX INTERNATIONAL LLC has planned its 'Celebration 2010" in San

Diego, California from August 21-24.  http://www.isagenixcelebration.com/, http://www.isaconvention.com/. The San Diego Convention Center website lists the event as a "Convention with Trade Show" indicating 6,000 attendees.[1]  There is also the Isagenix Celebration planned for next year, August 14-August 16, 2011, with 8,000 attendees.  Further, ISAGENIX offers podcasts of business training online.  One such podcast was recorded on June 20, 2009, where ISAGENIX trainer, and Senior Vice President and Chief Training Officer David Wood held a business training event in anticipation of the "Living the Dream" event in Anaheim, California on August 8-10, 2009.  (http://www.isagenixpodcast.com/2009/06/).  Further, ISAGENIX authorizes Independent Agents throughout the world, including California, to sell its products to consumers.  For example, independent agents reside in Glendale, Escondido, San Diego, and San Francisco[2] to sell conveniently to California residents and to recruit other Independent Agents who reside in California.  Such products include those that are alleged by MPI to compete directly with the Gold Standard Protein ("GSP") product that MPI purchased from Incubation.

Four justices find anyone knowingly entering the state can reasonably expect being haled into court if served there. Moreover, "(b)y visiting the forum State, a transient defendant actually avails himself of significant benefits provided by the State" (e.g., health and safety, police, fire and emergency medical services, freedom to travel on state roads). [Brennan, J. concur.opn. in *Burnham v. Sup.Ct.*, (1990) 495 US 604, 630–631, 110 S.Ct. 2105, 2121].  Several courts have upheld jurisdiction in such cases, adhering literally to the "physical power" theory.  *Scholz Research & Develop., Inc. v. Kurzke* (ND IL 1989) 720 F.Supp. 710, 711—nonresident served while attending trade show; *Aluminal Industries, Inc. v. Newtown Comm'l Assocs.* (SD NY 1980) 89 FRD

---

[1]http://www.sdccc.org/eventscalendar/searchdate.cfm?startMonth=8&startMonthDay=8&startYear=2010&endMonth=8&endMonthDay=25&endYear=2010

[2]Google "Isagenix Independent Agent California"

1  326, 328—nonresident served at New York City airport; *Grace v. MacArthur* (ED AR

2  1959) 170 F.Supp. 442—nonresident served in airplane flying over state].  ISAGENIX

3  has counsel in California who agreed to accept service on ISAGENIX's behalf and also

4  waived service of summons.  *See* Exhibit F.

5       **2.     MPI's Claims Against ISAGENIX For Intentional Interference**

6              **with Contractual Relations and Declaratory Relief Relate to**

7              **California**

8       MPI has an Agreement with Incubation executed in November 2006.  The

9  License agreement permitted MPI an exclusive license to use the likeness of Dr.

10  Wheeler during the terms of the Agreement to advertise, sell various products including

11  GSP.  However, Dr. Wheeler, through ISAGENIX, has introduced a competitive

12  product on the market in a scheme and plot to hijack sales and revenue of GSP, and

13  interfering with MPI's contractual Agreement.  Relief in the form of declaratory relief

14  is necessary to adjudicate the rights to the product and selling of the product(s) in

15  question.  Incubation is located in California.  The original contract arose in California.

16  The products are from California.  Therefore, claims concerning those products relate to

17  California, so the claims against ISAGENIX relate to California.

18     **B.  The Exercise of Jurisdiction Over Isagenix is Reasonable**

19       "Once it has been decided that a defendant has purposefully established

20  minimum contacts within the forum State, these contacts may be considered in light of

21  other factors to determine whether the assertion of personal jurisdiction would comport

22  with "fair play and substantial justice".  *Burger King Corp.*, 471 U.S. at 476, quoting

23  *International Shoe v. Washington*, 326 U.S. 310, 320 (1945).  Under this

24  "reasonableness" prong, defendants have the burden to prove, by compelling evidence,

25  it is unreasonable for the Court to assert personal jurisdiction.  *Harris Rutsky & Co. Ins.*

26  *Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003); *Integral*

27  *Development Corp.*, 99 Cal.App.4th at 591 ("Once a plaintiff has shown the requisite

28  minimum contacts to support jurisdiction, the burden shifts to defendant to show

jurisdiction is not reasonable.").

The reasonableness determination turns on a balancing test based on a multiple of factors, none of which is dispositive on itself. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). The factors to be considered include: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state: (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-1488 (9th Cir. 1993), quoting *Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1065 (9th Cir. 1985).

### 1. Extent of Isagenix' Purposeful Interjection in California's Affairs

ISAGENIX's purposeful contacts within California are closely related to the claims of the case. Dr. Wheeler, through ISAGENIX, has introduced a competitive product on the market to interfere with MPI's contractual relations (that arose in California). Similar issues are currently being litigated in Ventura, California. Isagenix holds its trade shows in California. ISAGENIX authorizes independent agents to sell its products in California to California residents and ISAGENIX independent agents reside in California. This factor thus weighs heavily in favor of a finding of personal jurisdiction over the Defendant.

### 2. Burden on Isagenix of Defending in California

Under California law, the burden on the foreign defendant is not a significant factor for the reasonableness analysis. "The fairness requirement of *International Shoe*, written over 50 years ago, must be assessed in the context of our age of global business and modern technology." *Integral Development Corp.*, *supra* 99 Cal.App.4th at 592. "[I]n this era of fax machines and discount air travel, requiring [a foreign defendant] to litigate in California is not constitutionally unreasonable." *Id.* quoting *Panavision*

*Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

ISAGENIX is currently defending and counter-claiming in a lawsuit in Ventura County and have retained Snell and Wilmer located in Irvine, California.  ISAGENIX's counsel waived service of summons.  Thus, this factor does not render it unreasonable for California to exercise personal jurisdiction over ISAGENIX.

### 3. Extent of Conflict With Sovereignty of Defendant's State

There is no evidence that there is any conflict with Arizona, ISAGENIX's home state.  This this factor is largely neutral to the issue of reasonableness.

### 4. California's Interest in Adjudicating the Dispute

California has a substantial interest in adjudicating this dispute.

Furthermore, the forum state has a compelling interest to protect its citizen's intellectual property.  *Intergral Development Corp.*, *supra* 99 Cal.App.4th at 592. (The enactment of the Uniform Trade Secrets Act in California indicates a strong legislative intent to protect California.)

### 5. Most Efficient Judicial Resolution of Controversy

The case is properly and currently set before this Court.  All other parties are litigating in California.  Similar claims are currently being litigated by the same parties in the State Court in Ventura County, California (within the Central District).  California is, thus, the most appropriate forum within which to adjudicate these claims.

Thus, this factor tips in favor of this Court exercising jurisdiction over ISAGENIX.

### 6. Importance of the Forum to MPI's Interest in Convenient and Effective Relief

MPI chooses California as the forum for the purpose of obtaining convenient and effective relief.  Litigating in Arizona would greatly inconvenience MPI.  The case against the other parties are proceeding before the Central District of California.  It will be convenient to present all witnesses and evidence in one jurisdiction before one court.  This factor thus does not support a finding of unreasonableness for California to exercise personal jurisdiction over ISAGENIX.

### 7.  Existence of an Alternative Forum

Assuming *arguendo* that alternative forums are available, this is but one factor of seven that the Court should consider.  This factor alone can never render it unreasonable for the forum state to exercise personal jurisdiction.  *See Gates Learjet Corp.*, 743 F.2d at 1333-1334 (court exercised jurisdiction over defendant, despite Plaintiff's failure to prove the unavailability of an alternative forum, holding that "[i]n light of the other factors, however, this factor is not dispositive.")

Therefore, there is no evidence that California's exercise of personal jurisdiction over ISAGENIX is in any way unreasonable.  ISAGENIX has failed to sustain its burden of proof on this issue.

### C.     The Central District of California Is The Proper Venue To Litigate This Claim

An action may be transferred to another District "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a).  As demonstrated above in the context of discussing the reasonableness of exercising personal jurisdiction, the convenience of the parties and witnesses is best served by litigating this case in California; so are the interests of justice.  While MPI may not reside in California, the case is currently proceeding as to all the parties in the Central District of California.  ISAGENIX has previously submitted to jurisdiction in California on the Ventura action which involves almost identical parties and claims.  A substantial number of third-party witnesses also reside in California, as does a substantial amount of documentary evidence at issue.  Thus the convenience of the parties and witnesses, and the interest of justice are all best served by litigating the case before this Court.

### D.     In The Alternative, Limited Discovery Should Be Allowed For Determining Jurisdiction

The Ninth Circuit has held that on a motion to dismiss, the Court has discretion to permit limited jurisdictional discovery without a full prima facie showing of personal jurisdiction by the plaintiffs. *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL

3783548, *2 (N.D. Cal 2006); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).  "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted).

It is MPI's strong belief that ISAGENIX has sufficient contacts in California so as to warrant the exercise of personal jurisdiction over it.  However, if this Court to consider a transfer of Court, MPI respectfully requests that it be afforded an opportunity to perform jurisdictional discovery to further establish the status and contacts of ISAGENIX.

### E.     STANDARD OF REVIEW FOR REVIEWING A COMPLAINT IS A SUFFICIENT  SHORT AND PLAIN STATEMENT UNDER FRCP §8

Federal Rule of Civil Procedure §8(a) states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already had jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

The Ninth Circuit Federal Courts have interpreted Fed. R. Civ. P. §8(a)(2) as follows: "A pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief and sufficient to put defendants fairly on notice of the claims against them."  (*Sparling v. Hoffman Constr. Co.* (9th Cir. 1998) 864 F.2d 635, 640.)

A complaint should set forth sufficient information to outline the elements of the claim. (See, e.g., *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *General Star Indemn. Co. v. Vesta Fire Ins. Corp.* (5th Cir. 1999) 173 F.3d 946, 950.)

In considering a motion to dismiss pursuant to Rule §12(b)(6), the court must

accept all the factual allegations of a plaintiff's complaint as true. (*Neitzke v. Williams* (1989) 490 U.S. 319, 326.)  The court is bound to give the non-moving party the benefit of every reasonable inference to be drawn from the attacked pleading. (*Hospital Building Co. v. Trustees of Rex College* (1976) 425 U.S. 738, 746.)  The test for sufficiency is a broad one, i.e., whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint. If the mere possibility exists that a plaintiff may recover, the motion to dismiss must be denied. (*Conley v. Gibson* (1957) 355 U.S. 41, 46.)

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which it bases a claim. Rather, "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (*Conley,* 355 U.S. at 47.)  Accordingly, a district court "can dismiss [a] claim only if, assuming all facts alleged to be true, plaintiff still fails to plead the basic elements of a cause of action."  (*Corcoran v. N.Y. Power Authority* 935 F. Supp. 376, 382 (S.D.N.Y. 1996); c.f. *U.S. v. Employing Plasterers Ass'n of Chicago* (1954) 347 U.S. 186, 189 ("where a bona fide complaint is filed that charges every element necessary to recover . . . summary dismissal. . . can seldom be justified").  Federal Rule of Civil Procedure §9(b) states, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  In the alternative, if the Court determines that Plaintiffs' complaint does not comply with the above-stated pleading requirements, Plaintiffs request leave to amend the complaint.

## F.   EACH CAUSE OF ACTION IN COMPLAINT IS SUFFICIENTLY PLED

MPI indicated in the Complaint that the claims it is seeking against ISAGENIX are 1) Intentional Interference with Contractual Relations and 2) Declaratory Relief. Therefore, MPI will address the instant motion *only* as to the claims it has brought

against ISAGENIX.

## 1. Intentional Interference with Contractual Relations is Properly Pled

Despite ISAGENIX's characterization that "there is no allegation that Isagenix actually knew of the contract between Media Power and Incubation" (MTD 13:27-28), MPI clearly alleges: "At all relevant times, Counter/Cross/Third Party-Defendants have been aware of MPI's commercial relationship with INCUBATION." (Complaint ¶.17). Further, MPI *has* alleged actual interference by ISAGENIX.  "Among other things, each of the Counter/Cross/Third Party-Defendants have made, or assisted and encouraged the making, of verbal and written communications by PEAK and their authorized agents, to MPI.  In the verbal and written communications, MPI was told, among other things, that INCUBATION had engaged in questionable and unethical conduct and other seriously improper conduct". (Complaint 13:9-14).  In addition, MPI clearly indicates: "The conduct of Counter/Cross/Third Party Defendants has in fact interfered in, disrupted and damaged MPI's relationship with INCUBATION." (Complaint ¶.19).  MPI states that ISAGENIX's conduct was the proximate cause of its damage and alleges it has suffered damage.  *See* ¶.¶.21 and 22 of the Complaint.

If the Court finds such an allegation of actual interference is insufficient, and allegations regarding damages are insufficient, MPI respectfully requests that it may amend its Complaint to set forth such facts.

## 2. Declaratory Relief is Properly Pled

Although the Agreement alleged is between MPI and Incubation, ISAGENIX and Wheeler are involved in the Agreement and have interfered with such Agreement.  "A competitive product has been introduced into the market by Dr. Wheeler...and Dr. Wheeler acted in concert with Isagenix in a scheme and plot to hijack sales and revenue of GSP." (Complaint ¶.13).

If the Court finds the allegations of declaratory relief are insufficiently pled, MPI respectfully requests that it may amend its Complaint to set forth such facts.

1
2
3

### G.   IN THE EVENT THE MOTION TO DISMISS IS SUSTAINED, LIBERAL POLICY FAVORS GRANTING LEAVE TO AMEND COMPLAINT

4        Even if this motion to dismiss is granted, leave to amend the complaint is
5   routinely granted. Federal Rule of Civil Procedure §15(a) expressly states that leave to
6   amend "shall be freely given when justice so requires." (*Friedlander v. Nims* (11th Cir.
7   1985) 755 F.2d 810, 813.)  Where a more carefully drafted complaint *might* state a
8   claim, a plaintiff must be given at least one more chance to amend the complaint before
9   the district court dismisses the action with prejudice. (*Silva v. Bieluch* (11th Cir. 2003)
10  351 F.3d 1045, 1048*; DeCarlo v. Fry* (2nd Cir. 1998) 141 F.3d 56, 62.).

11       Therefore, if the Court is inclined to grant ISAGENIX's motion, then MPI
12  respectfully requests that it be granted leave to amend its Complaint to cure
13  deficiencies, is any.

14  **III.   CONCLUSION**

15       For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss
16  as well as deny the requested change of venue.  Alternatively, this Court should
17  continue the hearing on the Motion to Dismiss in order to allow MPI to conduct
18  jurisdictional discovery.  Lastly, if the Court finds the Complaint deficient with regard
19  to the claims against ISAGENIX, the Court should allow MPI to amend its Complaint.

20
21  Dated: August 9, 2010                    **LAW OFFICES OF CARLOS F. NEGRETE**
22
23                                           **/s/ Carlos F.Negrete**
24                                           CARLOS F. NEGRETE
                                             Attorneys for Defendant/Counter-
25                                           Claimant/Third- Party Plaintiff
                                             MEDIAPOWER, INC.
26
27
28

(PROOF OF SERVICE - 1013a, (3) 2015.5 C.C.P.)

STATE OF CALIFORNIA ]

ss.

COUNTY OF ORANGE ]

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action and my business address is 27422 Calle Arroyo, San Juan Capistrano, California 92675.

On August 9, 2010, I served the foregoing document(s) described as:
**SEE ATTACHED DOCUMENT LIST**
on the interested parties in this action by submitting a true and correct copy of the above described documents as follows

[X] **(BY MAIL)** I deposited the document by regular mail. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited, trough the office's office complex postal delivery box, with the U.S. Postal Service on the same day in a sealed envelope with postage thereon fully prepaid at San Juan Capistrano, California, in the ordinary course of business to the parties listed below. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit from mailing in this declaration.

[ ] **(BY U.S. POSTAL SERVICE EXPRESS MAIL)** I deposited in a post office, mailbox, sub-post office, substation,mail chute or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail a copy of the above-described documents, in a sealed envelope, with Express Mail postage fully prepaid and addressed to the parties listed below.

[ ] **(BY FACSIMILE)** I caused all of the pages of the above-entitled document to be sent to the parties listed below,pursuant to California Rules of Court, Rule 2008 and California Code of Civil Procedure, Section 1013. The facsimile machine that I used complied with Rule 2003 and no error was reported by the machine. I caused the machine to print a transmission confirmation record of the transmission, a copy of which is attached hereto and made a part hereof as though set forth in full herein. The date, time, telephone number of the party served and final status of the transmission are set forth in the confirmation record.

[ ] **(BY E-MAIL)** I caused a copy of below listed documents to be delivered to the parties/counsel set forth below by means of electronic mail to the addresses listed below.

[ ] **(BY ELECTRONIC SERVICE)** I caused a copy of the below listed documents to be delivered by Electronic Service of Appellate Briefs pursuant to *California Rules of Court,* Rule 8.212(c)(2) applicable to service upon the California Supreme Court.

[X] **(BY CM/ECF SYSTEM)** I certify that the above listed document(s) was/were served pursuant to the district court's CM/ECF system as to ECF filers.

[ ] **(PERSONAL SERVICE)** I caused a copy of the above listed document to be personally delivered to the party set forth below at the address set forth below.
**SEE ATTACHED SERVICE LIST**
Executed on August 9, 2010, at San Juan Capistrano, California. I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

*S/Carlos F. Negrete*
Carlos F. Negrete

## DOCUMENT LIST

**1. MEDIAPOWER, INC.'S OPPOSITION TO ISAGENIX'S MOTION FOR ODER TO
DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR TO
TRANSFER ACTION TO DISTRICT OF ARIZONA PURSUANT TO 28 U.S.C. 1406(a)
OR 1404(a), OR TO DISMISS FOR FAILURE TO STATE A CLAIM; DECLARATION
OF CARLOS F. NEGRETE IN SUPPORT OF MEDIAPOWER, INC.'S OPPOSITION
TO ISAGENIX'S MOTION FOR ODER TO DISMISS COMPLAINT FOR LACK OF
PERSONAL JURISDICTION, OR TO TRANSFER ACTION TO DISTRICT OF
ARIZONA PURSUANT TO 28 U.S.C. 1406(a) OR 1404(a), OR TO DISMISS FOR
FAILURE TO STATE A CLAIM**

## SERVICE LIST BY MAIL

| | |
|---|---|
| J. James Li<br>David J. Perez<br>Greenberg Traurig, LLP<br>1900 University Ave., 5th Floor<br>East Palo Alto, CA 94303<br>Tel. (650) 328-8500<br>Fax. (650) 328-8508 | Attorneys for Plaintiffs/Cross-Defendants<br>Peak Performance Nutrition; William<br>Wheeler |
| K. Andrew Kent<br>Rincon Venture Law Group<br>2815 Townsgate Road, Suite 213<br>Westlake Village, CA 91361<br>Tel. (818) 557-0580<br>Fax. (818) 557-0480<br>akent@rincongoup.com | Attorneys for Defendant<br>Ken Wright; and Third-Party Defendant<br>Incubation LLC |
| Elizabeth M. Weldon<br>Joshua A. Allison<br>Snell & Wilmer, LLP<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626<br>eweldon@swlaw.com<br><br>Andrew F. Halaby, Esq.<br>Sean J. O'Hara, Esq.<br>SNELL & WILMER LLP<br>One Arizona Center<br>400 East Van Buren St.<br>Phoenix, AZ 85004<br>Tel. (602) 382-6000<br>Fax. (602) 382-6070<br>ahalaby@swlaw.com<br>sohara@swlaw.com | Attorneys for Third-Party Defendant<br>Isagenix International LLC |

## SERVICE LIST BY CM/ECF SYSTEM

| | |
|---|---|
| **Jing James Li lij@gtlaw.com**<br>**David J. Perez perezdj@gtlaw.com** | |
| **K. Andrew Kent**<br>**akent@rincongroup.com** | |

15

1  Carlos F. Negrete, Esq. SBN # 134658
   **LAW OFFICES OF CARLOS F. NEGRETE**
2  27422 Calle Arroyo
   San Juan Capistrano, CA 92675-2747
3  Telephone (949) 493-8115
   Telefax    (949) 493-8170
4  cnegrete@negretelaw.com

5  Attorney for Defendant/Counter-Claimant/Third-Party Plaintiff
   MEDIAPOWER, INC.
6

7                    **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

9

10  PEAK PERFORMANCE                    )  Case No.: CV09-4933 AG (Shx)
    NUTRITION, a Nevada Domestic        )  Case Assigned To:
11  Corporation, and WILLIAM E.         )  Hon. Judge Andrew Guilford
    WHEELER, Ph.D., an individual,      )  Courtroom: 10D
12                                      )
                    Plaintiffs,         )
13                                      )
    v.                                  )  **DECLARATION OF CARLOS F.**
14                                      )  **NEGRETE IN SUPPORT OF**
    MEDIAPOWER, INC., a Maine           )  **MEDIAPOWER, INC.'S OPPOSITION**
15  Corporation KENNETH W. BYERS,       )  **TO ISAGENIX'S MOTION FOR**
    an individual, and KEN WRIGHT, an   )  **ODER TO DISMISS COMPLAINT**
16  individual,                         )  **FOR LACK OF PERSONAL**
                    Defendants.         )  **JURISDICTION, OR TO TRANSFER**
17  _____    )  **ACTION TO DISTRICT OF ARIZONA**
    MEDIAPOWER, INC., a Maine           )  **PURSUANT TO 28 U.S.C. 1406(a) OR**
18  Corporation,                        )  **1404(a), OR TO DISMISS FOR**
                                        )  **FAILURE TO STATE A CLAIM**
19          Counter-Claimant,           )
                                        )
20  v.                                  )
                                        )
21  PEAK PERFORMANCE                    )
    NUTRITION, LTD., a Nevada           )
22  Domestic Corporation,  WILLIAM E.   )
    WHEELER, Ph.D., and ROES 1          )
23  through 25, inclusive.              )
                                        )
24          Counter-Defendants.         )
    _____    )
25  MEDIAPOWER, INC., a Maine           )
    Corporation,                        )
26                                      )
            Third Party Plaintiff,      )
27                                      )
    v.                                  )
28                                      )
    ISAGENIX INTERNATIONAL,             )
    LLC**,** INCUBATION LLC and ZOES    )
    1 through 25 inclusive.             )
                    Third-Party Defendants. )
    _____

## DECLARATION OF CARLOS F. NEGRETE

I, CARLOS F. NEGRETE, declare as follows:

1.      I am an attorney at law duly licensed by the State of California to practice before this Court.  I make this declaration of my own personal knowledge and if called upon to testify, I would and could testify competently to the following:

2.      I am the attorney for Defendant/Counter-Claimant/Third-Party Complainant MediaPower, Inc. in the above referenced matter.

3.      Attached hereto as Exhibit A is a true and correct copy of a letter from Elizabeth M. Weldon to Carlos F. Negrete dated July 19, 2010.

4.      Attached hereto as Exhibit B is a true and correct copy of a letter from Lyndsey A. Tadlock to Carlos F. Negrete dated July 23, 2010.

5.      Attached hereto as Exhibit C is a true and correct copy of a letter from Carlos F. Negrete to Lindsey Tadlock dated July 26, 2010.

6.      Attached hereto as Exhibit D is a true and correct copy of a letter from Lyndsey A. Tadlock to Carlos F. Negrete dated July 27, 2010.

7.      Attached hereto as Exhibit E is a true and correct copy of Isagenix International, LLC's Cross-Complaint in the Ventura state action Case No. 56-2008-00319337-CU-BC-VTA.

8.      Attached hereto as Exhibit F is a true and correct copy of the Waiver of Service of Summons executed by Elizabeth M. Weldon on June 11, 2010.

9.      I spoke with counsel for ISAGENIX, Ms. Tadlock on July 23, 2010.  I proposed that if Ms. Tadlock pointed out any deficiencies that MediaPower would further discuss these grounds and, if well taken, would amend its Complaint to cure any deficiencies.  Ms. Tadlock was unwilling to cooperate with this request nor was she willing to discuss any deficiencies of the Complaint.  I indicated to Ms. Tadlock that I was willing to discuss stipulating to extension of time for ISAGENIX to file a response to the Complaint and/or consider the filing of an amended Complaint rather than burden the Court with the instant motion and use its valuable time.  Indeed, I made if very clear

that it seemed preferable to attempt to resolve the issues to *eliminate the necessisty of a hearing*.  Instead, to my dismasy, the motion was filed without further discussion and apparent lack of *good faith* by counsel for ISAGENIX to resolve the issues before filing the instant motion as required by *Local Rule* 7-3.

10.    As the Court will note in the brief that MPI has submitted, the jurisdictional arguments are completely without merit and seemingly made in bad faith. There can be no question that Isagenix has *substantial* contacts in California.  Thus, the Motion is an attempt to delay this case.

11.    As part of MPI's response to the Motion to Dismiss, I conducted an investigation as to ISAGENIX contacts in California.   During the course of this investigation it was discovered that:  1) ISAGENIX advertises and sells its products in California; 2) ISAGENIX authorizes independent agents to sell ISAGENIX products throughout the world, including California, while many agents also live in California; 3) ISAGENIX holds it annual trade show/celebration in California, with thousands of people attending; 4) ISAGENIX has previously submitted to the jurisdiction of California as a defendant and Cross-Complainant in the action Case No. 56-2008-00319337-CU-BC-VTA in the Superior Court of the State of California, County of Ventura, complaint filed on May 23, 2008, with ISAGENIX appearing as a Cross-Complainant and as a Cross-Defendant on December 10, 2009, filing its Cross-Complaint and also answering the Amended Cross-Complaint by Incubation LLC and Nature's Pure Body Institute, Inc.  On this basis alone, ISAGENIX's motion is clearly without merit, frivolous and brought in bad faith.

12.    In addition to the jurisdictional information set forth above at paragraph 11, I performed an internet Google search and discovered that ISAGENIX INTERNATIONAL LLC has planned its 'Celebration 2010" in San Diego, California from August 21-24.  http://www.isagenixcelebration.com/, http://www.isaconvention.com/. The San Diego Convention Center website lists the

event as a "Convention with Trade Show" indicating 6,000 attendees.[1] There is also the Isagenix Celebration planned for next year, August 14-August 16, 2011, with 8,000 attendees. Further, ISAGENIX offers podcasts of business training online. One such podcast was recorded on June 20, 2009, where ISAGENIX trainer, and Senior Vice President and Chief Training Officer David Wood held a business training event in anticipation of the "Living the Dream" event in Anaheim, California on August 8-10, 2009. (http://www.isagenixpodcast.com/2009/06/). Further, ISAGENIX authorizes Independent Agents throughout the world, including California, to sell its products to consumers. For example, independent agents reside in Glendale, Escondido, San Diego, and San Francisco[2] to sell conveniently to California residents and to recruit other Independent Agents who reside in California. Such products include those that are alleged by MPI to compete directly with the Gold Standard Protein ("GSP") product that MPI purchased from Incubation.

13. At the very least, based on the above information, MPI should be allowed to perform jurisdictional discovery prior to the Court ruling on the Motion to establish the extent of ISAGENIX's contacts in this jurisdiction and such is respectfully requested of this Court.


I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States of America, and that this declaration was executed in San Juan Capistrano, California on this 9th day of August, 2010.


_____**/s/ Carlos F. Negrete**_____
Carlos F. Negrete

---

[1]http://www.sdccc.org/eventscalendar/searchdate.cfm?startMonth=8&startMonthDay=8&startYear=2010&endMonth=8&endMonthDay=25&endYear=2010

[2]Google "Isagenix Independent Agent California"

# EXHIBIT A

## Snell & Wilmer
L.L.P.
LAW OFFICES

Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626-7689
714.427.7000
714.427.7799 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

Elizabeth M. Weldon
714.427.7461
eweldon@swlaw.com

July 19, 2010

**By Email, Fax & Overnight Delivery**

Carlos F. Negrete, Esq.
Law Offices of Carlos F. Negrete
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747

Re: **Peak Performance Nutrition, et al. v. Mediapower, Inc., et al. and related cross actions, United States District Court, Case No. CV09-493 AG (Shx)**

Dear Mr. Negrete:

Isagenix International, LLC ("Isagenix") contemplates filing a motion to dismiss Mediapower, Inc.'s ("Media Power") counterclaims filed May 20, 2010, in this matter against Isagenix (the "Complaint"), on the grounds that (1) the court lacks personal jurisdiction over Isagenix; (2) venue is improper and the action should be dismissed; (3) the action should be transferred to another venue; and (4) the Complaint fails to state a claim against Isagenix. This letter serves as notice, pursuant to Local Rule 7-3 of the United States District Court, Central District of California, of this motion.

We anticipate arguing that the Court does not have personal jurisdiction over Isagenix because the alleged wrongful conduct occurred outside of California. Further, there is no substantial connection between the actions and losses alleged by Media Power and any purposeful activity by Isagenix directed at California.

In the alternative, venue is not proper under 28 U.S.C. § 1391(a), and this action should be dismissed under 28 U.S.C. § 1406(a). Isagenix does not reside in California, and the alleged wrongful conduct did not occur in California. Isagenix is not subject to personal jurisdiction in California, and the District of Arizona is an available forum.

11708660.1

# Snell & Wilmer
### L.L.P.

Carlos F. Negrete, Esq.
July 19, 2010
Page 2

Even if personal jurisdiction and venue were proper, which they are not, the action should be transferred in the interest of justice under 28 U.S.C. §1406(a), or in the alternative, transferred for the convenience of parties and witnesses and in the interest of justice under 28 U.S.C. §1404(a). All of the alleged acts and occurrences relevant to this action took place in Arizona, and Arizona is more convenient for the parties and witnesses.

Finally, the Complaint should be dismissed because Media Power fails to state a claim against Isagenix. Media Power does not clearly identify Isagenix as a defendant in many of its causes of action. Even if the Complaint did sufficiently identify Isagenix as a defendant, Media Power does not meet the pleading standards set forth under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). All of the causes of action in the Complaint consist of legal conclusions and mere recitations of the elements of the asserted causes of action, without alleging facts to support these legal conclusions. For example, in Media Power's first claim for intentional interference with contractual relations, Media Power fails to allege any facts supporting Isagenix's knowledge of the alleged contract or any facts showing actual interference, causation, or damage. Moreover, in all of the claims, Media Power attempts to assert rights belonging, at best, to Incubation for Incubation's products, thus Media Power lacks standing. Further, Media Power's second cause of action, negligent interference with contractual relations, is not a cause of action in California. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009). Finally, Media Power's declaratory relief cause of action fails because Isagenix is unrelated to the at-issue contract allegedly between Media Power and Incubation.

We request that your client dismiss Isagenix with prejudice because there are no facts supporting Media Power's allegations of jurisdiction, venue or causes of action against Isagenix. In the event that your client is not willing to dismiss Isagenix, Isagenix will move to dismiss the Complaint.

Under Local Rule 7-3, we are to confer about the substance of the contemplated motion and any potential resolution. I laid out the substance of the motion and the potential resolution above and request that we set up a time to discuss these issues as soon as possible. I suggest today, July 19, Tuesday, July 20, or Wednesday, July 21, 2010. Please let me know which of these dates and what time will work for you for a discussion. If we do not hear from you by the close of business on Wednesday, July 21,

11708660.1

7

# Snell & Wilmer
L.L.P.

Carlos F. Negrete, Esq.
July 19, 2010
Page 3

2010, we will assume you are not willing to meet and confer, and will move forward with our motion to dismiss the Complaint.

Very truly yours,

Snell & Wilmer

Elizabeth M. Weldon

cc (via email):
    Andrew F. Halaby
    Sean J. O'Hara

11708660.1

4

8

# EXHIBIT B

# Snell & Wilmer
#### L.L.P.
##### LAW OFFICES

Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626-7689
714.427.7000
714.427.7799 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

Lyndsey A. Tadlock
714.427.7529
ltadlock@swlaw.com

July 23, 2010

**By Email, Fax & Overnight Delivery**

Carlos F. Negrete, Esq.
Law Offices of Carlos F. Negrete
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747

Re:    *Peak Performance Nutrition, et al. v. Mediapower, Inc., et al. and related cross actions,* United States District Court, Case No. CV09-493 AG (Shx)

Dear Mr. Negrete:

This letter follows our telephone conversation today regarding our efforts to meet and confer with you pursuant to Local Rule 7-3 of the United States District Court, Central District of California regarding Isagenix International, LLC's ("Isagenix") contemplated motion to dismiss Mediapower, Inc.'s ("Media Power") counterclaims filed May 20, 2010, against Isagenix (the "Complaint").

In our conversation today, and as discussed in Elizabeth Weldon's letter to you dated July 19, 2010, we discussed Isagenix's contemplated motion to dismiss on the grounds that (1) the court lacks personal jurisdiction over Isagenix; (2) venue is improper and the action should be dismissed; (3) the action should be transferred to another venue; and (4) the Complaint fails to state a claim against Isagenix.

You dispute our contentions that the Complaint does not allege jurisdiction, venue is improper, and the Complaint fails to state a claim, but you were unable to present law or facts sufficient to convince us that Isagenix should not be dismissed from this action.

11781555.1

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

10

Snell & Wilmer
——— L.L.P. ———

Carlos F. Negrete, Esq.
July 23, 2010
Page 2

Accordingly, our meet and confer was unsuccessful, and we will proceed with filing the motion to dismiss.

                                        Very truly yours,

                                        Snell & Wilmer

                                        Lyndsey A. Tadlock

cc (via email):
        Andrew F. Halaby
        Sean J. O'Hara
        Elizabeth M. Weldon

11781555.1

                                        3

                                                                                        11

# EXHIBIT C

LAW OFFICES OF

# CARLOS F. NEGRETE

ATTORNEYS AT LAW

27422 CALLE ARROYO
SAN JUAN CAPISTRANO, CALIFORNIA 92675-2747
Telephone   (949) 493-8115
Fax          (949) 493-8170

E-MAIL:
cnegrete@negretelaw.com

## VIA TELEFAX & EMAIL

July 26, 2010

Lindsey Tadlock, Esq.
Elizabeth M. Weldon, Esq.
**SNELL & WILMER**
600 Anton Blvd.
Suite 1400
Costa Mesa, CA 92626-7689
latadlock@swlaw.com
eweldon@swlaw.com

```
┌─────────────────────────────┐
│     FAX INFORMATION         │
│                             │
│  FAX: (714) 427-7799        │
│                             │
│  No. Of Pages:  2           │
│                             │
│        URGENT!              │
└─────────────────────────────┘
```

RE:   **Peak Performance Nutrition, et al vs. MediaPower, Inc. Et at and related cross-actions**
       United States District Court - Case No.  CV09-493-AG (Shx)

Dear Ms. Tadlock & Ms. Weldon:

This letter is a follow-up to our telephone conversation, Ms. Tadlock, last Friday, July 23, 2010, and the letters, dated July 19, 2010 from Ms. Weldon, and the letter, dated July 23, 2010 and received late Friday afternoon, concerning Isagenix International, LLC ("Isagenix") as it relates to the third party/cross complaint filed by MediaPower, Inc. "(MediaPoweer") against Isagenix.

In your July 23 letter, Ms. Tadlock, you make no mention of the substance of our telephone conversation, which was presumably an attempt to conduct a *good faith* attempt at a meet & confer, pursuant to Local Rules of the District Court and Judge Guilford.

As you may recall, Ms. Tadlock, during our telephone conversation I pointed out to you that the basis of a motion to dismiss on the grounds that the Court lacked jurisdiction and venue was improper and without basis.

As you are certainly aware, Isagenix has representatives, customers and sells its products in California.   In addition, Isagenix has availed itself of the California jurisdiction by its participation in a State Court action that arises from the same operative facts and parties.  Hence, there is no good faith basis for filing a motion to dismiss on those grounds and such motion would be met with a request for a request for the imposition of sanctions pursuant to Rule 11 of

13

July 26, 2010
Lindsey Tadlock, Esq.
Page 2

the Rules of Civil Procedure, among other grounds.  This would also be the position with respect
to a motion based upon venue.

In the letters, and during our telephone conversation, you also stated that the
MediaPower's Complaint should be dismissed on the basis of failure to state a claim.  Ms.
Tadlock, I specifically asked you to point out what you perceived or was the basis for the grounds
of lack of specificity.  You refused and/or were unable to do so.  Notwithstanding this, I
proposed that if you pointed out any deficiencies that MediaPower would further discuss these
grounds and, if well taken, would amend its Complaint to cure any deficiencies.  You seemed to
be unwilling to cooperate with this request.   Again, this is indicative of the seeming lack of *good
faith* in seeking to resolve this issue before you go forward with filing a motion a using the
Court's valuable time.

It is noteworthy that Isagenix requested, and MediaPower stipulated to, an extension of
time to respond to the Complaint.  This afforded Isagenix approximately 60 days to respond.
Now, on the eve of the deadline of the response, you charge forward with a motion to dismiss
and apparently make a very insignificant attempt to work on resolving the disputed issues.  It
seems that your letter and telephone call were merely veiled attempts at minimal compliance with
Local Rules so that you can certify to the Court that you made an attempt.   We believe that such
certification would be misleading if it is presented to the Court, since it is not in *good faith*.

In view of these points, we ask that you reconsider the filing of the suggested motions and
consider the proposal that we have made.  If necessary and justified, we can discuss a further
extension to respond.

Should you have any further questions or would like to discuss this matter further with
the goal of resolving the disputed issues, please feel free to contact me.  Thank you for your
anticipated cooperation and courtesy.

Very truly yours,
**LAW OFFICES OF CARLOS F. NEGRETE**

**CARLOS F. NEGRETE**
Attorney at Law

CFN/me
cc:     MediaPower

14

# EXHIBIT D

# Snell & Wilmer
### L.L.P.
LAW OFFICES

Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626-7689
714.427.7000
714.427.7799 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

Lyndsey A. Tadlock
714.427.7529
ltadlock@swlaw.com

July 27, 2010

*By Email, Fax & U.S. Mail*

Carlos F. Negrete, Esq.
Law Offices of Carlos F. Negrete
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747

Re:     *Peak Performance Nutrition, et al. v. Mediapower, Inc., et al. and related cross actions,* **United States District Court, Case No. CV09-493 AG (Shx)**

Dear Mr. Negrete:

This letter is in response to your letter dated July 26, 2010, regarding Isagenix International, LLC's ("Isagenix") contemplated motion to dismiss Mediapower, Inc.'s ("Media Power") counterclaims filed May 20, 2010, against Isagenix (the "Media Power Complaint"). We had a good faith meet and confer as required by Local Rule 7-3 of the United States District Court, Central District of California. We sent you a letter detailing the basis for our contemplated motion to dismiss, left you at least four messages last week to discuss the contemplated motion, and finally were able to discuss this with you over the telephone on July 23, 2010. The purpose of my July 23, 2010, letter was not to restate our meet and confer, but simply to inform you that we are going to go forward with the filing of our motion.

You apparently contend that, because Isagenix is a party (against its will) in a state court case in California, Isagenix is therefore subject to personal jurisdiction in a federal court case in California, and venue would likewise always be proper in California. This contention is unsupported by the law, and at a minimum, you have failed to come forward with any authority for this proposition. Moreover, Media Power's Complaint against Isagenix completely fails to allege that Isagenix is subject to personal jurisdiction in California, and is subject to dismissal on that basis alone. If you have authority for the incredible proposition that personal jurisdiction need not be alleged against Isagenix, you have similarly failed to bring it to our attention.

As we discussed, besides the fact that Media Power's Complaint completely fails to allege facts establishing jurisdiction or proper venue, Isagenix does not do business in California. I asked you to explain the connection between the allegations in Media Power's Complaint and

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

2

# Snell & Wilmer
L.L.P.

Carlos F. Negrete, Esq.
July 27, 2010
Page 2

any purported contacts between Isagenix and California. You did not inform me of any connection, and there is none. Media Power itself filed jurisdictional motions to dismiss the original complaint in this action, disclaiming Media Power's ties to California. Moreover, I reject your improper threats of Rule 11 sanctions. The fact that we disagree does not implicate Rule 11 sanctions. You simply allege no facts regarding jurisdiction or venue.

Because there is no jurisdiction over Isagenix and venue is improper, the Media Power Complaint should be dismissed on those grounds alone. Notwithstanding the above, the Media Power Complaint should be dismissed because it fails to state a claim against Isagenix under Federal Rule of Civil Procedure 12(b)(6). We pointed out these deficiencies in the July 19, 2010, letter and on our telephone conference. These deficiencies include at least the following:

- Media Power's failure to state a claim against Isagenix is abundantly clear from the face of the Media Power Complaint itself. Media Power makes precious few factual allegations against Isagenix, and even then, those allegations are only by virtue of Media Power's decision to include Isagenix among the "Counter/Cross/Third Party Defendants," including 25 Zoes. Media Power does not clearly identify Isagenix as a defendant in many of its causes of action and, as you know, Judge Guilford has--in this very case--dismissed claims that lump an individual defendant in with several other defendants without actually alleging that defendant's conduct apart from the others.

- Even if the Media Power Complaint did sufficiently identify Isagenix as a defendant, Media Power does not meet the pleading standards set forth under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). All of the causes of action in the Media Power Complaint consist of legal conclusions and mere recitations of the elements of the asserted causes of action, without alleging facts to support these legal conclusions. For example, in Media Power's first claim for intentional interference with contractual relations, Media Power fails to allege any facts supporting Isagenix's knowledge of the alleged contract or any facts showing actual interference, causation, or damage.

- Media Power lacks standing. In all of its claims in the Media Power Complaint, Media Power attempts to assert rights belonging, at best, to Incubation for Incubation's products.

- Media Power's second cause of action, negligent interference with contractual relations, is not a cause of action in California. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009).

- Media Power's declaratory relief cause of action fails because Isagenix is unrelated to the at-issue contract allegedly between Media Power and Incubation.

11784781.1

3

17

# Snell & Wilmer
—— L.L.P. ——

Carlos F. Negrete, Esq.
July 27, 2010
Page 3

As I explained to you over the telephone, we have not received an extension on the time to respond to the Media Power Complaint. I am puzzled by your claim that Isagenix "requested," and Media Power "stipulated," to an extension. Rather, you served a request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d). Isagenix returned this waiver. There is no "request" by Isagenix for an extension, no "stipulation" by Media Power for an extension, and no "extension." Isagenix is responding within the time permitted by the Rules.

Isagenix's response to the Media Power Complaint is due today. You have not proposed any changes to the complaint or sent us a proposed amended pleading, much less any changes that would change our motion as argued, despite our detailed and communicated analysis showing how the Media Power Complaint fails on the grounds stated above. We do not plan on engaging in a letter war on these issues. While I am happy to talk with you further at any point, we do not plan on engaging in a letter war on these issues, and we will proceed with filing the motion to dismiss.

Very truly yours,

Snell & Wilmer

Lyndsey A. Tadlock

cc (via email):
    Andrew F. Halaby
    Sean J. O'Hara
    Elizabeth M. Weldon

11784781.1

4

# EXHIBIT E

Elizabeth M. Weldon (#223452)
eweldon@swlaw.com
Jeffrey M. Singletary (#233528)
jsingletary@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Cross-Defendants Isagenix
International, LLC, Jim Coover, and Ellen
Bradley Ganus

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF VENTURA

| | |
|---|---|
| PEAK PERFORMANCE NUTRITION, LTD., a Nevada Domestic Corporation<br><br>Plaintiff,<br><br>vs.<br><br>INCUBATION, LLC, a California Limited Liability Company; NATURE'S PURE BODY INSTITUTE, INC., a California Corporation; and DOES 1-50 inclusive,<br><br>Defendants.<br><br>INCUBATION, LLC, and NATURE'S PURE BODY INSTITUTE, INC.,<br><br>Cross-Complainants,<br><br>vs.<br><br>PEAK PERFORMANCE NUTRITION, LTD., LINDA WHEELER, BILL WHEELER, ISAGENIX INTERNATIONAL, LLC, JIM COOVER, ELLEN BRADLEY GANUS, AND ROES 4-25, inclusive,<br><br>Cross-Defendants. | Case No.: 56-2008-00319337-CU-BC-VTA<br><br>**Isagenix International, LLC's Cross-Complaint for:**<br><br>**(1) Violation of California Business & Professions Code Section 17200;**<br><br>**(2) Common Law Unfair Competition; and**<br><br>**(3) Intentional Tortious Conduct** |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
(714) 427-7000

20

| | |
|---|---|
| 1 | ISAGENIX INTERNATIONAL, LLC, |
| 2 | Cross-Complainant, |
| 3 | vs. |
| 4 | INCUBATION, LLC, and NATURE'S PURE BODY |
| 5 | INSTITUTE, INC., KEN WRIGHT, and ZOES 1-10, inclusive, |
| 6 | |
| 7 | Cross-Defendants. |

8    Cross-defendant and cross-complainant Isagenix International, LLC ("Isagenix")

9  hereby alleges as follows:

10                                   **PARTIES**

11    1.    Isagenix is a limited liability company organized under the laws of the State

12  of Arizona.  Isagenix's principal place of business is in Maricopa County, Arizona.

13    2.    On information and belief, Ken Wright ("Wright") is a citizen and resident

14  of the State of California.

15    3.    Incubation, LLC ("Incubation") is a California limited liability company

16  whose principal place of business is, on information and belief, in Ventura County,

17  California.  Upon information and belief, Wright is the only member of Incubation.

18    4.    Nature's Pure Body Institute, Inc. ("NPBI") is a California corporation

19  whose principal place of business is, on information and belief, in Ventura County,

20  California.

21    5.    Isagenix does not know the true names or capacities of the cross-defendants

22  sued herein as ZOES 1-10, inclusive.  Isagenix is informed and believes that each of the

23  cross-defendants sued herein as ZOES 1-10, inclusive, are the agents, employees,

24  partners, joint venturers, or alter egos of Wright, Incubation and NPBI and are legally

25  responsible and liable under the allegations set forth below.  At such time as the true

26  names of ZOES 1-10, inclusive, become known to Isagenix, Isagenix will amend this

27  cross-complaint to insert the true names and capacities of such cross-defendants by

28  appropriate substitution.

- 1 -

21

1      **GENERAL ALLEGATIONS**

2          6.      On information and belief, Wright controls Incubation and NPBI. On

3  information and belief, Wright, Incubation, and NPBI (collectively, the "Wright Parties")

4  have at all material times conspired to act, and acted in concert pursuant to that

5  conspiracy, to commit the legal wrongs alleged herein, thereby subjecting each of these

6  cross-defendants to liability for the wrongs committed by each of the other cross-

7  defendants.

8          7.      This cross-complaint arises out of the Wright Parties' unfair and wrongful

9  actions directed to stealing market share and goodwill rightfully belonging to Isagenix.

10  The Wright Parties are unfairly competing with Isagenix by making false or misleading

11  statements to the consuming public about both their nutritional products and about

12  Isagenix's competing nutritional products.

13          8.      Isagenix sells nutritional products designed to cleanse, replenish, and

14  revitalize the body. Isagenix products can help keep the body healthy and support health

15  and successful, long-term weight loss. Isagenix products can also help replenish the body

16  with nutrients, helping revitalize the body's systems and lead to vibrant good health.

17  Isagenix products have helped hundreds of thousands of people in reaching their health

18  and weight-loss goals.

19          9.      William E. Wheeler, Ph.D., ACSM, has worked for Isagenix to formulate

20  nutritional products. Dr. Wheeler, who once briefed Presidents Jimmy Carter and Ronald

21  Reagan on issues such as nutrition in school lunches and meal etiquette in Japan, is the

22  senior author of many scientific publications on nutrition and has helped develop many

23  nutritional products. Dr. Wheeler developed his expertise on nutrition and performance

24  after years of advising Olympic and professional athletes and teams.

25          10.     Before joining Isagenix, Dr. Wheeler developed a line of nutritional

26  products called Gold Standard Protein ("GSP").

27          11.     The Wright Parties market and sell GSP products using Dr. Wheeler's name

28  and image in their advertising and promotion of those products. The Wright Parties'

- 2 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1 advertising and promotional efforts also include a direct mail campaign featuring Dr.

2 Wheeler's name and image.

3     12.    The Wright Parties' advertising and promotional efforts also include use of

4 an infomercial filmed in or around 2000 (the "Infomercial"), in which Dr. Wheeler

5 appears and discusses GSP products. Although the Infomercial's contents were, so far as

6 Isagenix is aware, true and accurate when the Infomercial was first made and broadcast,

7 some of its contents are, on information and belief, now outdated.

8     13.    The consuming public associates Dr. Wheeler with Isagenix. The Wright

9 Parties' use of Dr. Wheeler's name and image in connection with their misleading

10 advertising and promotion of GSP threatens to, and does, tarnish and cause confusion

11 about the quality of Isagenix and its products, causing irreparable injury and damage to

12 Isagenix. Among other reasons, the Wright Parties make or imply various false

13 statements in their advertising and promotion, including that the GSP product line "works

14 great with any diet plan," including "Weight Watchers, Nutri-System, South Beach, Jenny

15 Craig, Atkins and more."

16     14.    In addition, on information and belief, Wright was investigated and sued by

17 the Federal Trade Commission for false representations in connection with the advertising

18 and sale of certain nutritional products. Wright stipulated to a permanent injunction and

19 final judgment barring Wright, directly or through any corporation, subsidiary, division,

20 or other device, in connection with the manufacturing, labeling, advertising, promotion,

21 offering for sale, sale, or distribution of certain herbal-based nutritional products, from

22 representing in any manner, expressly or by implication, that such product causes

23 significant weight loss; prevents or cures illnesses; cleanses the body of harmful toxins; or

24 purifies the body's blood supply. Yet, on information and belief, the Wright Parties

25 operate a website at *www.pbiv.com* which violates one or more provisions of the

26 stipulated injunction and final judgment.

27     15.    The Wright Parties claim to have written authorization from Dr. Wheeler to

28 use his name and image to sell nutritional products. In fact, on information and belief,

- 3 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   that authorization, which was merely a proposal and not a contract, was secured under the

2   false pretense that Wright required it to secure hundreds of thousands of dollars in

3   financing from Wells Fargo Bank for the production of GSP infomercials. In fact, there

4   was no such bank requirement. In fact, Wright did not need, and did not use, hundreds of

5   thousands of dollars to develop GSP infomercials.

6        16.   The Wright Parties have willfully and maliciously, with evil mind and intent

7   to injure Isagenix, engaged in the improper commercial activity alleged herein. That

8   activity has tarnished Isagenix's business reputation and injured Isagenix's goodwill with

9   the consuming public. This damage is irreparable, and will continue and increase unless

10  the Wright Parties are enjoined from their unlawful conduct.

11  **FIRST CAUSE OF ACTION**

12  **(Violation of California Business & Professions Code section 17200 – Against**

13  **Wright, Incubation, NPBI and ZOES 1-10)**

14       17.   Isagenix incorporates by reference the allegations contained in the preceding

15  paragraphs of this cross-complaint.

16       18.   The Wright Parties have committed and continues to commit acts of

17  unlawful and unfair competition in violation of the California Business and Professions

18  Code § 17200 by the actions described herein.

19       19.   The Wright Parties committed these acts of unfair competition fraudulently

20  and maliciously and in conscious disregard of Isagenix's rights, with intent to injure

21  Isagenix.

22       20.   As a direct and proximate consequence of the Wright Parties' actions,

23  Isagenix has suffered irreparable injury.

24  **SECOND CAUSE OF ACTION**

25  **(Common Law Unfair Competition – Against Wright, Incubation, NPBI and ZOES**

26  **1-10)**

27       21.   Isagenix incorporates by reference the allegations contained in the preceding

28  paragraphs of this complaint.

- 4 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

24

22.     The Wright Parties' actions described herein violate Isagenix's common law rights and constitute unfair competition.

23.     The Wright Parties committed these acts of unfair competition fraudulently and maliciously and in conscious disregard of Isagenix's rights, with intent to injure Isagenix.

24.     As a direct and proximate consequence of the Wright Parties' actions, Isagenix has suffered irreparable injury.

## THIRD CAUSE OF ACTION

**(Intentional Tortious Conduct – Against Wright, Incubation, NPBI and ZOES 1-10)**

25.     Isagenix incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

26.     The Wright Parties caused injury to Isagenix through intentional conduct that is generally culpable and unjustified under the circumstances.

## Prayer

WHEREFORE, Isagenix demands trial by jury and judgment against the Wright Parties as follows:

A.      For an order requiring the Wright Parties to show cause, if any they have, why they should not be enjoined, during the pendency of this action, from engaging in the unfair competition alleged herein, including making false or misleading statements to the consuming public about their nutritional products and about Isagenix's competing nutritional products.

B.      For a permanent injunction enjoining the Wright Parties, their agents, servants, and employees, and all persons acting under, in concert with or for them, from engaging in the unfair competition alleged herein, including making false or misleading statements to the consuming public about their nutritional products and about Isagenix's competing nutritional products.

C.      For restitution;

D.      For monetary damages in an amount to be proven at trial;

- 5 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

E.  For exemplary or punitive damages;

F.  For an award of interest at the highest rate allowable by law;

G.  For costs of suit; and

H.  For such additional relief as the Court deems just under the circumstances.

Dated: December 10, 2009                    SNELL & WILMER L.L.P.

By: _____

Elizabeth M. Weldon
Jeffrey M. Singletary
Attorneys for Isagenix International, LLC,
Jim Coover, and Ellen Bradley Ganus

10960300

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- 6 -

*Peak Performance Nutrition, Ltd. vs. Incubation, LLC, et al.*
*Ventura Superior Court Case No. 56-2008-00319337-CU-BC-VTA*

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On December 10, 2009, I served, in the manner indicated below, the foregoing document described as **Isagenix International LLC's Cross-Complaint for: (1) Violation of California Business & Professions Code Section 17200; (2) Common Law Unfair Competition; and (3) Intentional Tortious Conduct** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

*Please see attached Service List*

☑  BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐  BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐  BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2009, at Costa Mesa, California.

Rosemary McKay

PROOF OF SERVICE

10700709.1

27

1

**Service List**
*Peak Performance Nutrition, Ltd. vs. Incubation, LLC, et al.*
*Ventura Superior Court Case No. 56-2008-00319337-CU-BC-VTA*

2

3

4    J. James Li, Esq.                          <u>Attorneys for Plaintiff/Cross-</u>
     Greenberg Traurig, LLP                     <u>Defendant Peak Performance Nutrition</u>
5    1900 University Avenue                      <u>and Cross-Defendants Linda Wheeler</u>
     Fifth Floor                                <u>and Bill Wheeler</u>
     East Palo Alto, CA 94303
6
                                                Telephone:    (650) 328-8500
7                                               Facsimile:    (650) 328-8508
                                                lij@gtlaw.com
8    K. Andrew Kent, Esq.                        <u>Attorneys for Defendants/Cross-</u>
     Rincon Venture Law Group                   <u>Complainants Incubation, LLC and</u>
9    2815 Townsgate Road                        <u>Nature's Pure Body Institute, Inc.</u>
     Suite 215
10   Westlake Village, CA 91361
                                                Telephone:    (805) 557-0580
11                                              Facsimile:    (805) 557-0480
                                                akent@rincongroup.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10700709.1

- 2 -

PROOF OF SERVICE

# EXHIBIT F

Carlos F. Negrete, Esq. (SBN 134658)
27422 Calle Arroyo
San Juan Capistrano, CA 92675
(949) 493-8115

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEAK PERFORMANCE NUTRITION, a Nevada Domestic Corporation, William E. Wheeler, Ph.D.<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>CV09-4933 AG (Shx) |
| v.<br>MEDIAPOWER, INC., a Maine Corporation, KENNETH W. BYERS, an individual, and KEN WRIGHT, an individual | **WAIVER OF SERVICE OF SUMMONS** |
| RELATED ACTIONS                    DEFENDANT(S). | |

To: Carlos F. Negrete, Esq. attorney for Third Party Plaintiff MEDIAPOWER, INC.

*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* ___May 28, 2010___, or within 90 days after that date if the request was sent outside the United States.

*\*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.*

| | |
|---|---|
| June 11, 2010 | _Signature_ |
| *Date Signed by Receiving Party* | *Signature* |
| Elizabeth M. Weldon | (714) 427-7000; (714) 427-7799 |
| *Name* | *Telephone Number and Fax Number* |
| 600 Anton Boulevard, Suite 1400 | Attorneys for Isagenix International, LLC |
| *Street Address* | *Relationship to Entity on Whose Behalf I am Acting* |
| Costa Mesa, California 92626 | Isagenix International, LLC |
| *City, State, Zip Code* | *Name of Party Waiving Service* |

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                    **WAIVER OF SERVICE OF SUMMONS**