UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING THIRD PARTY DEFENDANT ISAGENIX'S MOTION TO DISMISS

This is a trademark infringement case. Defendant, Cross-Complainant, and Third Party Plaintiff Media Power, Inc. ("Mediapower") filed a Third Party Complaint against Third Party Defendant Isagenix International, LLC ("Isagenix"). Isagenix filed a Motion to Dismiss ("Motion") for lack of personal jurisdiction, improper venue, and failure to state a claim, or in the alternative for transfer to the District of Arizona. After considering all arguments and papers submitted, the Motion is GRANTED for lack of personal jurisdiction.

**BACKGROUND**

The following facts are taken from Mediapower's third party complaint ("Mediapower's Complaint"), which as it must, the Court assumes to be true unless controverted by Isagenix's evidence, as well as evidence submitted in the parties moving papers.

Mediapower entered into a written license agreement ("Agreement") with Incubation. The Agreement "permitted [Mediapower] an exclusive license to use the likeness of [Dr. Wheeler] during the terms of the Agreement . . . in connection with advertising,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

promoting, distributing and selling" nutritional supplements. (Mediapower Compl. ¶ 9.) Mediapower invested millions of dollars into marketing Gold Standard Protein ("GSP"). (Mediapower Compl. ¶ 12.)

Dr. Wheeler, Peak Performance, and Isagenix "engaged in conduct with knowledge and intent of interfering in, disrupting and damaging the contractual relationship between Media Power and Incubation. (Mediapower Compl. ¶ 18.)

Plaintiffs and Counterdefendants Peak Performance Nutrition ("Peak Performance"), Dr. William Wheeler ("Dr. Wheeler"), and Incubation, LLC ("Incubation") sued Mediapower for trademark infringement. Mediapower filed a motion to dismiss for lack of personal jurisdiction, but later withdrew the motion. (Docket Entries ("D.E.") 7, 63.) In that motion, Mediapower disputed that it has any significant ties to California, noting that it has no "advertising [that] directly targets California consumers," and that the only contact with California "is the sale of products to consumers residing in California through mail order, or radio and television advertising." (D.E. 7, at pp. 11, 25-26; Byers Decl. ¶ 8.) After Mediapower withdrew its motion, it filed its countercomplaint and third party complaint.

Isagenix is an Arizona limited liability company with its headquarters in Arizona. (Adams Decl. ¶ 2.) Isagenix does not have employees, own real property, or maintain an office in California. (Adams Decl. ¶ 3.) Dr. Wheeler started working with Isagenix in 2005. (Adams Decl. ¶ 4.) Dr. Wheeler traveled to Arizona to consult with Isagenix, and Dr. Wheeler's consulting activities were offered through Peak, a Nevada entity based out of Lake Tahoe, Nevada. (Adams Decl. ¶ 4-6.) Then, in 2007, Isagenix employed Dr. Wheeler, who was living in Idaho at that time. (Adams Decl. ¶ 6.) Dr. Wheeler was required to report directly to Isagenix's president in Arizona, and the employment agreement provides that it is governed by and is to be interpreted under the laws of Arizona. (Adams Decl. ¶ 6.) Based on these facts and others, Isagenix now moves to dismiss or transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

## LEGAL STANDARD

Plaintiff moves to dismiss under several alternate theories. Because the Court finds that it lacks personal jurisdiction over Isagenix, the Court only analyzes that issue.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction. The defendant is the moving party, but the plaintiff bears the burden of making a prima facie showing of facts establishing personal jurisdiction by a preponderance of the evidence. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[U]ncontroverted allegations in the Complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Determining whether personal jurisdiction exists involves two inquiries. The Court must first ask whether a forum state's long arm statute permits the exercise of jurisdiction, and second ask whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Because California's long arm statute extends to the limits of due process, this Court need only look at whether the exercise of personal jurisdiction would violate due process in this case. Cal. Civ. Proc. Code § 410.10; *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Lawful exercise of jurisdiction over a nonresident defendant must comport with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Concerns for fairness require that a court exercise jurisdiction only if the defendant's actions in the forum are such that "he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

## ANALYSIS

**1.    WAIVER OF SERVICE**

Mediapower first argues that Isagenix consented to personal jurisdiction by waiver of service.  This argument fails.  Under Rule 49(d)(5), waiver of service "does not waive any objection to personal jurisdiction or venue."  Further, Isagenix's waiver states that Isagenix "will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court."  (Declaration of Carlos F. Negrete In Support of Mediapower's Opposition ("Negrete Decl.") ¶ 8, Ex. F.)  The cases cited by Mediapower all relate to personal service in the forum state, not to waiver of service.

Accordingly, the Court only has jurisdiction over Isagenix if Mediapower can establish Isagenix's minimum contacts with California.

**2.    GENERAL JURISDICTION**

A plaintiff can establish a defendant's minimum contacts with a given forum under a theory of general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  General jurisdiction exists where a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Id.* at 415.  If general jurisdiction exists, the forum state has jurisdiction over the defendant regardless of where the events giving rise to the litigation occurred. *Id.* at 415.

General jurisdiction requires a heightened level of contacts with the forum state. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, § 3:105 (2009); *Data Disc Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

Before a forum may exercise general jurisdiction, a nonresident defendant's contacts with a forum must "approximate physical presence." *Bancroft & Masters, Inc. v. Agusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). General jurisdiction is "usually limited to large companies doing a large amount of business locally on a regular basis." *Cal. Practice Guide: Federal Civil Procedure Before Trial*, § 3:105.1; *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993).

By only citing the rules for specific jurisdiction, Mediapower seems to concede that general jurisdiction does not exist here. (See Opp'n 3:20-4:14.) Further, there is no evidence that Isagenix had systematic and continuous contacts with California. Thus, the Court finds that it cannot exercise general jurisdiction over Isagenix, and turns to specific jurisdiction.

## 2. SPECIFIC JURISDICTION

If a party's contacts with the forum state are not sufficient to establish general jurisdiction, specific jurisdiction may still be shown. Specific jurisdiction exists where the party purposefully availed itself of "the benefits and protections" of the laws of the forum through specific acts giving rise to the litigation at hand. *See Burger King Corp.*, 471 U.S. at 472-73 (citing *Helicopteros*, 466 U.S. at 414). Once it is established that the defendant purposefully availed itself of the benefits and protections of the forum, or purposefully directed its actions toward the forum, the forum's exercise of jurisdiction is "presumptively reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991).

The allegations relating to Isagenix are that it interfered with Mediapower's contract with Dr. Wheeler by assisting or encouraging Peak Performance to make statements to Mediapower. (Mediapower Compl. ¶¶ 12, 18.) None of these entities are located in California, and there are no allegations or evidence that the alleged "scheme and plot" happened in California.

In its opposition, Mediapower asserts that Isagenix advertises and sells its products in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4933 AG (SHx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | PEAK PERFORMANCE NUTRITION, et al. v. MEDIAPOWER, INC., et al. | | |

California, holds an annual trade show in California, and previously submitted to the jurisdiction of California in an unrelated case. But the allegations in Mediapower's Complaint do not arise out of these asserted contacts with California.

Because the claims against Isagenix do not arise out of Isagenix's contacts with California, specific jurisdiction does not apply.

### 3.     JURISDICTIONAL DISCOVERY

In its opposition, Mediapower requests jurisdictional discovery. The Court finds that based on the facts in this matter and the arguments presented, jurisdictional discovery is not required here.

### 4.     CONCLUSION

This Court cannot exercise personal jurisdiction over Isagenix in this case. Accordingly, the Motion is GRANTED as to lack of personal jurisdiction. Thus, although Isagenix made other possibly successful arguments, such as lack of proper venue and failure to state a claim, the Court need not address these arguments.

### **DISPOSITION**

The Motion is GRANTED.

                                                                               :     0

                                           Initials of
                                           Preparer              lmb